UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID MURRAY, JR.,

           Plaintiff,

-against-

ALEXANDER BUSTAMENTE, VINCENT IPPOLITO, SERGIO ROSE, KURVIN MANWARING,

           Defendants.

**FIRST AMENDED COMPLAINT**

16 CV 4817 (ERK (PK)
Jury trial demand

DAVID MURRAY JR., ("Plaintiff") by his attorney, Vik Pawar, Esq. respectfully alleges, upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the United States.

### JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §1981, 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is an African-American male and a resident of Kings County, New York.

7. The individually named defendants are NYPD officers assigned to the 70th precinct and were acting under the color of state law and are sued in their individual, supervisory and official capacities.

## FACTS

8. On January 11, 2014, plaintiff left his relatives in Crown Heights, Brooklyn and was on his way home in Flatbush, Brooklyn.

9. When plaintiff arrived near his home, he kept circling the blocks looking for parking.

10. Defendants Manwaring and Ippolito were in their marked cars passed plaintiff a few times as he waited for parking.

11. Around 2 a.m., as plaintiff waited for a parking spot to open, defendants pulled up next to his Ford Explorer and demanded that plaintiff exit his vehicle.

12. Plaintiff was confused because he had committed no crime or any VTL violation.

13. Once outside of his vehicle, plaintiff spoke with the 2 defendant officers for close to an hour. They were all discussing the difficulties of trying to obtain street parking.

14. Around 3 a.m., defendants Rose and Bustamante arrived on the scene and defendant Manwaring directed defendant officers Bustamante to arrest plaintiff.

15. Plaintiff was shocked to learn that he was being arrested because he just had a long conversation with the other defendants Manwaring and Ippolito about parking and none of them suspected that plaintiff had committed a crime or violated any VTL.

16. Defendants alleged that they found marijuana on plaintiff.

17. Plaintiff was handcuffed and placed inside a marked police vehicle. The defendant officers moved his car into a parking spot on the street.

18. Plaintiff was first transported to a hospital to "run tests" for driving while impaired to justify the false arrest.

19. Plaintiff was at the hospital for approximately 3 hours while in police custody even though the medical personnel informed the defendants that plaintiff is not impaired or otherwise intoxicated.

20. However, instead of simply releasing plaintiff and in an effort to hide their continuing misconduct, defendants transported plaintiff to the 70th precinct.

21. At the precinct, without any reason, probable cause or even arguable probable cause, defendants continued to detain plaintiff and processed his arrest.

22. Plaintiff was booked, photographed and had his finger-prints taken.

23. Plaintiff was then transported to Central Booking and his arrest paperwork was forwarded the Kings County DA's office for prosecution. Defendants knew that this was commencement of a criminal proceedings against plaintiff.

24. However, the DA's office realizing that there was nothing to prosecute plaintiff about, declined prosecution and Plaintiff spent 19 hours in police custody without any reason and feared losing his security guard license during that period before he was released.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Seizure -Fourth Amendment)

25. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

26. There was no probable cause for the arrest or the continued incarceration of Plaintiff.

27. Plaintiff was seized without any cause let alone probable cause and was not free to leave.

28. Plaintiff did not consent to be handcuffed or seized and the seizure continued because the defendants did not want to be caught for their misconduct.

29. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure was violated and he sustained physical, economic and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under 14th Amendment-Due Process and Malicious Prosecution)

30. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

31. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

32. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments. Defendants fabricated evidence that plaintiff was engaged in illegal conduct, drafted criminal paperwork (without probable cause and maliciously) to forward to the DA's office for plaintiff's prosecution and the criminal proceeding terminated in plaintiff's favor.

33. As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(42 U.S.C. 1981)

34. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

35. Defendants targeted Plaintiff and discriminated against him by falsely accusing him of a crime and arresting him because of his race and color.

36. Defendants' conduct caused plaintiff to suffer false arrest, and the fear that he would lose his security guard license and engage in meaningful livelihood.

37. Defendants' joint and individual conduct deprived plaintiff of the equal protection of the laws because he was targeted because of his color.

38. As a result of these actions, Plaintiff suffered injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Conspiracy)

39. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

40. Defendants targeted plaintiff, assuming that he was an easy arrest, and conspired with each other to deprive plaintiff of his civil rights and equal protection under the laws.

41. The individual defendants knew that plaintiff had not violated any laws but took him to the hospital and to other precinct to conduct blood and an IDTU tests.

42. Even when the tests came back negative, in an effort to hide their misconduct and to cover-up their tracks, they falsely accused plaintiff of being "high" on marijuana" and being in possession of marijuana.

43. Defendants did so because they knew they had falsely sworn out a complaint against plaintiff and recanting it would subject them to perjury and prosecution.

44. In order to benefit themselves, through overtime, arrest quotas and maintain their "productivity", the defendants kept the fact that plaintiff was innocent by forging documents to make him appear that he had committed an offense.

45. As a result, plaintiff suffered constitutional injuries.

**WHEREFORE,** the Plaintiff requests that this Court:

a. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in the amount of two hundred and fifty thousand dollars for each and every cause of action,

b. Award any statutory damages to the Plaintiff.

c. Award reasonable attorneys fees, cost and expenses,

d. Award punitive damages in an amount to be determined by a jury,

e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
       December 20, 2016

                                                                         PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By:/s_____
   Vik Pawar (VP9101)
   *Attorneys for Plaintiff*